**RECORD IMPOUNDED**

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4832-15T1

NEW JERSEY DIVISION OF
CHILD PROTECTION AND
PERMANENCY,

    Plaintiff-Respondent,

v.

D.C.,

    Defendant-Appellant,

and

R.S.,

    Defendant-Respondent.

———————————————————————

IN THE MATTER OF
B.S. and S.L.,

    Minors.

———————————————————————

        Argued April 23, 2018 — Decided August 22, 2018

        Before Judges Fasciale, Sumners and Moynihan.

        On appeal from Superior Court of New Jersey, Chancery Division, Family Part, Passaic County, Docket No. FN-16-0072-12.

        David A. Gies, Designated Counsel, argued the cause for appellant (Joseph E. Krakora, Public

Defender, attorney; David A. Gies, on the briefs).

Mark E. Kleiman, Designated Counsel, argued the cause for respondent R.S. (Joseph E. Krakora, Public Defender, attorney; Mark E. Kleiman, on the brief).

Yudelka R. Felipe, Deputy Attorney General, argued the cause for respondent New Jersey Division of Child Protection and Permanency (Gurbir S. Grewal, Attorney General, attorney; Andrea M. Silkowitz, Assistant Attorney General, of counsel; Yudelka R. Felipe, on the brief).

Caitlin McLaughlin, Designated Counsel, argued the cause for minors (Joseph E. Krakora, Public Defender, Law Guardian, attorney; Caitlin McLaughlin, on the brief).

PER CURIAM

Defendant D.C. (Deborah)[1] appeals from the Family Part order granting custody of her ten-year-old daughter B.S. (Brooke) to Brooke's father R.S. (Richard). Deborah contends the trial judge did not protect her parental rights in applying the "best interests" analysis under N.J.S.A. 9:2-4 to make his custody decision. We disagree and affirm.

This matter returns to us following our decision on a motion for reconsideration, reversing the finding that Deborah abused and neglected Brooke and her other daughter, S.L. (Sara), due to her use of marijuana and failure to complete substance abuse treatment.

---

[1] We employ fictitious names for the parties.

<u>N.J. Div. of Child Prot. & Permanency v. D.C.</u>, No. A-3477-12,
(App. Div. Dec. 19, 2014) (slip op. at 22-23).  Because we
concluded there was no abuse and neglect, we remanded the matter
for a hearing to adjudicate the children's custody as Deborah was
not given "an opportunity to put forth a case on [her] behalf
[regarding] the transfer of custody and the placement of the
children with their fathers,"[2] and "the [Division of Child
Protection and Permanency (Division)] did not present any
witnesses or expert testimony at the permanency hearing."  <u>Id.</u> at
23.  At that time, legal and physical custody of Brooke and Sara
was with their respective fathers.

Before the remanded proceedings commenced, the newly-assigned
Judge Daniel J. Yablonsky, stated the purpose of the hearing was
to determine the best interests of the children given this court's
conclusion that there was no abuse and neglect.  Over the course
of three non-consecutive trial days, the Division presented the
testimony of its caseworker and an expert, Dr. Robert Miller, who
had conducted psychological and parenting assessments of all
parties as well as bonding evaluations.  Miller recommended
services for all three parents, but opined that Brooke and Sara
should remain in the care of their fathers.  Deborah presented the

---

[2]  The children have different fathers.

expert testimony of Dr. James R. Reynolds, who opined that the children had a safe and secure attachment to Deborah and they should maintain regular contact with her, but did not recommend reunification with her at the time. The judge granted the parties joint legal and physical custody of the children, with their primary residence remaining with the fathers.

In his twenty-eight page written decision, Judge Yablonsky stated that since there was no finding of abuse or neglect against Deborah under Title 9,[3] "this matter is and has been a Title 30 case." Citing our remand decision, the judge found that "the reversal of a finding of abuse or neglect divests any trial court in an abuse or neglect proceeding of authority to conduct dispositional hearings or enter dispositional orders" under Title 9. Hence, he based his custody decision on the best interests test under N.J.S.A. 9:2-4. In his assessment, the judge acknowledged that Deborah had made progress towards achieving her goal of sole legal and physical custody of her daughters and that both fathers had "significant parenting deficits. However, given the fact that neither Dr. Miller, nor [Deborah]'s own expert, Dr. Reynolds, recommend[ed] that [she] be the primary custodial

---

[3]  In a Title 9 action, the Division must prove by a preponderance of "competent, material and relevant evidence" that a child is abused or neglected. N.J.S.A. 9:6-8.46(b).

parent, the court [found] that the best interests of the children are served by retaining the current status quo."

In this appeal, we address only Brooke's custody because a consent order was entered wherein Deborah assumed primary residential custody of Sara. Deborah argues that while we concluded the Division did not establish she abused or neglected her daughters, we did not direct the trial court to make a custody determination. Moreover, she argues that by applying the best interests analysis under N.J.S.A. 9:2-4, the court did not protect her statutory and constitutional rights as a parent. She asserts the court did not conduct a summary hearing under Title 30 with an eye towards the need to ensure Brooke's health and safety. Therefore, the court did not consider whether the Division's involvement was necessary to protect or otherwise ensure her health and safety, and the Division neither sought an order to protect her nor recommended any services to ensure her health and safety. Deborah further argues that we did not direct the court to make a custody determination, but to simply determine "the placement of the children under applicable child welfare laws" because she was not afforded a dispositional hearing under G.M.[4]

---

[4] N.J. Div. of Youth & Family Servs. v. G.M., 198 N.J. 382, 399-401 (2009).

Deborah is mistaken in asserting that our remand did not authorize the court to make a custody determination. Our reference to G.M. was to make clear that Deborah should have been afforded a dispositional hearing when the initial trial court made its finding of abuse and neglect. D.C., slip op. at 23-26. Since we concluded there was insufficient proof of Deborah's abuse and neglect under Title 9, and therefore no need for a dispositional hearing, the judge still needed to resolve the custody issue because the Division also pled a Title 30 claim in its complaint for custody of Brooke and Sara — which was unaffected by our decision.

To determine custody of the children, Judge Yablonsky applied the best interests test under N.J.S.A. 9:2-4(c), which provides:

> Any other custody arrangement as the court may determine to be in the best interests of the child.
>
> In making an award of custody, the court shall consider but not be limited to the following factors: the parents' ability to agree, communicate and cooperate in matters relating to the child; the parents' willingness to accept custody and any history of unwillingness to allow parenting time not based on substantiated abuse; the interaction and relationship of the child with its parents and siblings; the history of domestic violence, if any; the safety of the child and the safety of either parent from physical abuse by the other parent; the preference of the child when of sufficient age and capacity to reason so as to form an intelligent

6

> decision; the needs of the child; the
> stability of the home environment offered; the
> quality and continuity of the child's
> education; the fitness of the parents; the
> geographical proximity of the parents' homes;
> the extent and quality of the time spent with
> the child prior to or subsequent to the
> separation; the parents' employment
> responsibilities; and the age and number of
> the children. A parent shall not be deemed
> unfit unless the parents' conduct has a
> substantial adverse effect on the child.

In applying the best interests test, Deborah asserts the judge improperly placed the burden of proof associated with a private custody dispute on her, instead of the Division. She further contends the record does not support his findings; citing her unsupervised visitation of both children in the five months prior to the remand hearing and her residential custody of Sara through the father's consent as evidence of the Division's lack of concern that she poses a danger to her children.

We discern no error in the judge's application of this test. In our previous decision, we did not specifically state the standard to be used on remand to decide the custody issue. Clearly, a dispositional hearing was not appropriate absent the finding of abuse or neglect. See N.J. Div. of Youth & Family Servs. v. N.D. (In re T.W.), 417 N.J. Super. 96, 109 (App. Div. 2010) (explaining that without the court's finding of abuse and neglect, there is no authority allowing the court to enter an

order of disposition under Title 9). Nevertheless, "[t]he touchstone for all custody determinations has always been 'the best interest[s] of the child.'" Faucett v. Vasquez, 411 N.J. Super. 108, 118 (App. Div. 2009) (second alteration in original) (quoting Kinsella v. Kinsella, 150 N.J. 276, 317 (1997)). Accordingly, "[c]ustody issues are resolved using a best interests analysis that gives weight to the factors set forth in N.J.S.A. 9:2-4(c)." Ibid. (quoting Hand v. Hand, 391 N.J. Super. 102, 105 (App. Div. 2007)). In fact, Deborah's trial counsel argued that there should be a "best interest[s] hearing," because the issue in this matter was not a "pure G.M. issue," and that a plenary hearing was necessary "just to see where the children are at right now." Deciding custody in accordance with the best interests test under N.J.S.A. 9:2-4 was therefore fitting.

Importantly, Deborah fails to establish how she was prejudiced or harmed by the standard that was applied in the remand hearing. Our Court held in New Jersey Department of Children & Families, Div. of Youth & Family Servs. v. I.S., 214 N.J. 8, 39-42 (2013), that in a Title 30 litigation, it may be appropriate to adjudicate the disposition of child welfare matters with custody issues at the same time, as long as the parents are not prejudiced. As in I.S., the Division here argues the judge correctly consolidated the Title 30 action and custody hearing with no

recognizable harm to Deborah's parental rights. We agree with the Division that Deborah benefited from the consolidation in that she was appointed counsel and an expert was provided to her at no expense, neither of which she would have been entitled to in a regular custody case. She and the Division both presented testimony from expert witnesses to support their respective positions concerning her parental fitness. We also do not see any violation of Title 30's statutory scheme given that a prior judge issued an intervening custody determination, which denied Deborah's application of transfer of custody.

In analyzing Judge Yablonsky's custody ruling, we understand that his findings are "entitled to great weight and will not be lightly disturbed on appeal." Sheehan v. Sheehan, 51 N.J. Super. 276, 295 (App. Div. 1958) (citations omitted). We must therefore defer to his findings of fact if supported by sufficient credible evidence in the record, Cesare v. Cesare, 154 N.J. 394, 411–12 (1998) (citing Rova Farms Resort, Inc. v. Inv'rs Ins. Co. of Am., 65 N.J. 474, 484 (1974)), because the Family Part judge has "special jurisdiction and expertise in family matters," id. at 413, and we will "not second-guess [his] findings and the exercise of [his] sound discretion," Hand, 391 N.J. Super. at 111. An abuse of discretion occurs when a decision is "made without a rational explanation, inexplicably departed from established

policies, or rested on an impermissible basis."  Flagg v. Essex Cty. Prosecutor, 171 N.J. 561, 571 (2002) (citation omitted).

With these principles in mind, we conclude Judge Yablonsky correctly applied the best interests standard of N.J.S.A. 9:2-4. He evaluated the fourteen factors under that standard and awarded primary residence to Richard as "the scales tip[ped] only ever so slightly" towards him.  Thus, we affirm substantially for the reasons stated by the judge in his cogent written decision.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4832-15T1